**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

DEC 12 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELENA RODRIGUEZ-MALFAVON, | No. 16-17076 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-01673-APG-PAL |
| v. | |
| CLARK COUNTY SCHOOL DISTRICT; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted December 6, 2017
San Francisco, California

Before: M. SMITH and IKUTA, Circuit Judges, and MCAULIFFE,[**] District
Judge.

Plaintiff Elena Rodriguez-Malfavon (Plaintiff) appeals from the district

court's order granting summary judgment to Defendants Clark County School

District (CCSD), Edward Goldman, and Anita Wilbur (collectively, Defendants)

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Steven J. McAuliffe, Senior United States District
Judge for the District of New Hampshire, sitting by designation.

on her First Amendment retaliation claim under 42 U.S.C. § 1983. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand for proceedings consistent with this disposition.

First Amendment retaliation claims are governed by the five-step framework outlined in *Eng v. Cooley*, 552 F.3d 1062 (9th Cir. 2009). The *Eng* factors inquire:

> (1) whether the plaintiff spoke on a matter of public concern; (2) whether the plaintiff spoke as a private citizen or public employee; (3) whether the plaintiff's protected speech was a substantial or motivating factor in the adverse employment action; (4) whether the state had an adequate justification for treating the employee differently from other members of the general public; and (5) whether the state would have taken the adverse employment action even absent the protected speech.

*Id.* at 1070. If the plaintiff successfully meets her burden on the first three factors, the burden shifts to the defendants on the last two. *See id.* at 1070–72.

The fifth factor allows a defendant to "avoid liability by showing that the employee's protected speech was not a but-for cause of the adverse employment action." *Id.* at 1072. We have emphasized that "[i]mmunity should be granted on this ground only if the state successfully alleges, *without dispute by the plaintiff*, that it would have made the same employment decisions even absent the questioned speech." *Id.* (emphasis added). The but-for causation inquiry is a question of fact. *Id.*

2

Here, the district court erred in granting Defendants' motion for summary judgment on the basis of the fifth *Eng* factor.[1]  In opposition to Defendants' motion for summary judgment, Plaintiff proffered an affidavit disputing several of the bases of the second unsatisfactory evaluation she received from Wilbur.  Viewing the evidence in the light most favorable to Plaintiff, and mindful that Defendants bear the burden of proof on the issue of but-for causation, we conclude that Plaintiff's evidence created a genuine issue of material fact on the fifth *Eng* factor.

REVERSED AND REMANDED.

---

[1] Because the district court relied solely on the fifth *Eng* factor in granting summary judgment, we limit our discussion to the fifth factor and express no view on the merits of the remaining factors.  *See Desrochers v. City of San Bernardino*, 572 F.3d 703, 709 (9th Cir. 2009).